■ In the Matter of THOMAS R. GROW, Petitioner, v JOHN COOK, as Superintendent of Highways of the County of St. Lawrence, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in St. Lawrence County) to review a determination of the superintendent of highways, which dismissed petitioner after a hearing. Petitioner Grow, continually employed by the respondent county since 1958, was appointed assistant civil engineer in the highway department on February 7, 1970. This was a civil service position. In 1973 respondent Cook appointed petitioner deputy superintendent of highways, a position he held until March 1, 1976. On that date he was dismissed as deputy superintendent, charged with incompetence and misconduct and suspended from his civil service position. After hearings, petitioner was found guilty of three of the six specifications in Charge 1 and 3 of the 19 specifications in Charge 2. On the recommendation of the hearing officer, petitioner was dismissed by the superintendent of highways. This proceeding ensued. In the spring of 1975, a committee of the St. Lawrence County Legislature made certain audits of its highway department. The audit was triggered in some measure by information supplied by Mr. Grow. As a result thereof, the superintendent of highways, respondent Cook, was suspended and the entire matter referred to a Grand Jury. A presentment was returned which was ordered sealed by this court *(Matter of Report of September 1975 Grand Jury of Supreme Ct. of St. Lawrence County,* 55 AD2d 220). Petitioner Grow held the position of acting superintendent during the period of respondent Cook's suspension, but after reinstatment Cook ordered him to take a vacation. On petitioner's return, he was directed to carry out an inspection of 200 bridges owned by the county, a task that continued until his suspension. In this proceeding we review, from the total of 25 specifications charged, the six of which the petitioner was found guilty to determine if they were supported by substantial evidence *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Specification 3 of Charge 1 alleged that Grow in 1973 authorized payment for the purchase, without any contract, of gravel from the property of one Stanley Coller. In 1975 or 1976, after Coller's death, a sister demanded payment for additional

the service road if built, in this respect the State's comparable sales are identical to the subject property.

gravel obtained by the highway department. It was at that time that respondent Cook and the County Attorney, upon investigation, discovered that Coller owned only a one-eighth interest in the gravel pit and, therefore, would not have been entitled to full payment. We note that the county paid no additional money and that the signatories to the contract were Mr. Coller and a prior job superintendent, not the petitioner. Although it would appear that the responsibility for determining title rests with the County Attorney, and although there was testimony by the former superintendent of highways that it was probably his responsibility and not Mr. Grow's to determine the ownership of the materials purchased, the hearing officer found the petitioner guilty of this specification in that he acted in an incompetent and negligent manner. In our view, however, the fact that petitioner Grow approved the transaction without ascertaining the true ownership does not provide substantial evidence to support the determination of the hearing officer. We accordingly annul the determination of guilty of specification 3 of Charge 1. Specification 2 of Charge 1 alleged that the petitioner paid for land needed for a right of way without then receiving a deed. Petitioner testified that he went to the home of the seller's daughter where, finding the owner in ill health, "partially paralyzed and hardly able to speak", he left the check without getting the deed signed. The deed was ultimately received by the county without any additional compensation and, while these facts indicated a certain carelessness on the part of petitioner Grow, it does not rise to the level of misconduct requiring disciplinary action. Acquiring title by the county is more properly a function of the County Attorney's office, in any event. The determination of incompetence and negligence in specification 2 of Charge 1 is annulled. Specification 1 of Charge 1 alleged that an item of equipment purchased as a 1974 model on petitioner Grow's recommendation was later revealed by Superintendent Cook's inquiry to have been manufactured in January, 1973. The record indicates that the machine was purchased in conformity with normal bidding procedures. The seller of the equipment testified that the machine, although manufactured in 1973, was considered a new model and was sold as a current 1974 model by his company. There is evidence that both the petitioner and respondent Cook knew of the 1973 manufacturing date subsequent to the delivery of the backhoe. On this record there is no substantial evidence to support the finding that Cook was uninformed as to the date of manufacture as a result of petitioner's willful or negligent actions, and, therefore, the determination of guilty of specification 1 of Charge 1 must be annulled. Specification 19 of Charge 2 alleged that the petitioner deliberately avoided his responsibility to report directly to respondent Cook concerning the work of the department and did so in order to embarrass the superintendent. In reference to spot audits being conducted by the County Legislature the petitioner suggested an audit of the highway department. As a result of the audit of the highway department, instigated at least in part by petitioner, several employees including respondent Cook were directed to reimburse the county for improper conference expenses. Petitioner testified that he told respondent Cook of conversations in which he had advised certain members of the County Legislature of various things which he thought were wrong with the department's operations. Cook denied any recollection of such conversation with petitioner. Thereafter, the county vehicle used by petitioner was taken away and he was directed not to leave the Massena office, a situation that the petitioner described as one of "exile". As a result of those allegations and a subsequent meeting with members of the audit committee and a newspaper editor, at which copies of

invoices were produced by Grow, Cook was suspended pending a Grand Jury investigation. On such testimony the petitioner was found guilty of specification 19 of Charge 2, in that he "did avoid reporting to Cook about matters concerning the Department and talked to the Chairman of the County Legislature without first discussing the matters with the Superintendent". The testimony concerning specification 19 of Charge 2 is uncontradicted. Therefore, we are concerned with the effect of an employee's bringing to the attention of a County Legislature and the newspapers alleged improprieties in his department. We are concerned with striking a balance between the interest of the employee as a citizen commenting on matters of public concern and the interests of the county as an employer in promoting the efficiency of the public services it performs through its employees. There is no evidence in this record that petitioner's remarks were made either with knowledge of their falsity or with reckless disregard for their truth or falsity. Therefore, petitioner's statement, protected by his right to free speech, cannot be the basis for disciplinary action against him absent a strong showing of adverse impact on the legitimate county interests in the efficiency and the reputation of its highway department *(Perry v Sindermann,* 408 US 593; *Pickering v Board of Educ.,* 391 US 563). No proof of an adverse impact upon the efficiency and reputation of the highway department was elicited and, therefore, petitioner's statements cannot be the basis for disciplinary action against him *(Arnett v Kennedy,* 416 US 134; *Pickering v Board of Educ., supra).* The determination as to specification 19 of Charge 2 is annulled. Specification 6 of Charge 2 alleged that petitioner "removed public records and files from the office and used them * * * for political purposes to embarrass the Superintendent and discredit the Department". Petitioner testified that he made copies of several highway department invoices, concededly public records, and presented them to members of the County Legislature and a newspaper publisher. Although it is true, as the petitioner alleges, that the Legislature recently declared that government is the public's business and that the public, individually and collectively and represented by a free news media, should have unimpaired access to records of government (Public Officers Law, § 85), we cannot condone a system wherein every employee of a governmental agency has free and unrestricted access to every invoice and memorandum and provides copies, without permission, to anyone who seeks the information. This instant charge, however, is merely an appendage to the charge of reporting to others concerning the affairs of the highway department, which we have found in this instance to be constitutionally protected. Accordingly, we annul the determination of guilty of specification 6 of Charge 2. Specification 18 of Charge 2 alleged petitioner submitted unsatisfactory bridge inspection reports. Petitioner testified that he inspected 210 bridges and submitted 13 weekly reports. A comparison of one of the written reports with the report of an inspection conducted earlier by Superintendent Cook himself indicates that petitioner's work was not substantially different. Although directed to spend more time on inspections, including providing as to each bridge "a breakdown of the cost of specific materials, labor, equipment and overhead to the nearest dollar", petitioner made no change in his reporting procedures on the basis that such requirements were unreasonable. We agree. The strong probability of bad faith and arbitrariness may not be overlooked, and, on this record, we must annul the determination of the hearing officer. Determination annulled, without costs; petition granted,

charges dismissed, petitioner reinstated and matter remitted to Special Term for a computation, pursuant to the provisions of section 77 of the Civil Service Law, of petitioner's back pay and benefits. Greenblott, J. P., Sweeney, Mahoney, Larkin and Mikoll, JJ., concur.